### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL HOFFMAN**, | : | CIVIL ACTION - LAW |
| 2241 Springhouse Lane | : | |
| Aston, PA 19014 | : | NO. |
| on behalf of himself and those | : | |
| similarly situated, | : | |
| | : | |
| Plaintiff, | : | *Electronically Filed* |
| | : | |
| vs. | : | |
| | : | |
| **THE TRUSTEES OF THE UNIVERSITY** | : | JURY TRIAL OF 12 DEMANDED |
| **OF PENNSYLVANIA**, | : | |
| 3451 Walnut Street, Room 310 | : | |
| Philadelphia, PA 19104, | : | |
| | : | COLLECTIVE ACTION UNDER |
| Defendant. | : | FLSA FOR UNPAID WAGES |

## COMPLAINT

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter under 28 U.S.C. §1331 because it

arises under the laws of the United States, specifically the Fair Labor Standards Act ("FLSA").

2.      Venue is proper in this district because a substantial part of the events or

omissions giving rise to this claim occurred in this district.

## FACTUAL BACKGROUND

3.      Defendant Trustees of the University of Pennsylvania is a corporation organized

and existing under the laws of the Commonwealth of Pennsylvania with an office at 3451

Walnut Street, Room 310, Philadelphia, Pennsylvania 19104.

4.      Plaintiff is an individual who resides at 2241 Springhouse Lane, Aston,

Pennsylvania 19014.

1

5.  Plaintiff is a career police officer who has worked for Defendant's police department since May 2023, and who has held the position of Sergeant since November 3, 2025.

6.  Plaintiff and the similarly situated employees he seeks to represent are not employees of a public agency within the meaning of the Fair Labor Standards Act.

7.  For many years Defendant has misclassified its police sergeants as exempt employees and failed and refused to pay them overtime pay as required by the Fair Labor Standards Act, despite knowing that these sergeants work far more than forty hours per week.

8.  Plaintiff brings this action on behalf of himself and similarly situated individuals who have been denied timely payment of overtime wages in violation of the Fair Labor Standards Act ("FLSA").

9.  Defendant is an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d), an enterprise within the meaning of 29 U.S.C. §203(r), and is engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

10.  Plaintiff brings this action on behalf of himself and other similarly-situated employees pursuant to 29 U.S.C. §216(b).  Plaintiff and other similarly-situated employees are individuals who are, or were, employed by Defendant as police sergeants during the time period of three years prior to the filing of this action (the "Collective Members").  The putative class of Collective Members has been engaged in commerce as required by the FLSA.

11.  Named Plaintiff and the Collective Members are similarly situated, have substantially similar pay provisions, and were all subject to Defendant's unlawful policies and practices as described herein.

12. There are numerous similarly situated current and former employees of Defendants who would benefit from the issuance of a Court-supervised Notice of this action and the opportunity to join it.

13. Similarly situated employees are known to Defendant, are readily identifiable to Defendant, and can be located through Defendant's records.

14. Plaintiff was at all times a non-exempt employee under the Fair Labor Standards Act.

15. Defendant misclassified Plaintiff and other police sergeants as exempt employees, despite the fact that they do not fall within the executive or any other exemption. For example, Plaintiff spends approximately half of his work time on routine police duties in a patrol car on the street. Plaintiff routinely makes arrests.

16. Plaintiff and other sergeants are policemen within the meaning of 22 P.S. §501 and possess all of the powers of a police officer in the Commonwealth of Pennsylvania.

17. Plaintiff and other sergeants are police officers within the meaning of 29 C.F.R. §541.3.

18. Plaintiff and other sergeants do not have the power to hire and fire employees, and they cannot discipline employees. Sergeants' opinions on hiring and firing are not given particular weight.

19. Plaintiff and other sergeants are not highly compensated employees within the meaning of the Fair Labor Standards Act and Department of Labor regulations.

20. Plaintiff was entitled under the FLSA to compensation for hours worked in excess of forty hours in a workweek at a rate of one-and-a-half times the rate at which he was regularly employed.

21.     It was routine for Defendant to require their employees including Plaintiff and other similarly situated employees to work in excess of forty hours in a workweek.

22.     From time to time, for special events, Defendant pays Sergeants "special pay" for overtime hours, but routine day-to-day overtime is not recorded or paid by Defendant.

23.     Plaintiff and other sergeants are routinely required as part of their duties to testify in court outside of normal working hours, and they are not compensated for all of the hours they spend testifying in court.

24.     Defendant's managers know that Plaintiff is working approximately eleven hours per shift, and approximately 198 hours per month, without being paid for all of his work.

25.     Defendant has failed to record, report, credit and/or compensate Plaintiff and the Collective Members, and Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA.

## <u>COUNT ONE</u>

**PLAINTIFF DANIEL HOFFMAN, on behalf of himself and
those similarly situated, v. DEFENDANT
Collective Action -- Violation of Fair Labor Standards Act
Payment of Overtime Requirements**

26.     Plaintiff, on behalf of himself and all similarly situated current and former employees of Defendant, realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

27.     At all times relevant, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

4

28.    At all times relevant to this Complaint, Plaintiff and the Collective Members were Defendant's "employees" as defined by the FLSA, §203(e)(1).

29.    At all times relevant, Defendant was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

30.    The FLSA requires that employers compensate all non-exempt employees for every hour worked in a workweek.  See 29 U.S.C. §206(a)-(b).

31.    The FLSA requires that employers compensate all non-exempt employees who work in excess of forty hours in a work week at a rate of not less than one- and one-half times the regular rate at which they are employed.  See 29 U.S.C. §207(a)(1).

32.    At all times relevant to this Complaint, Plaintiff and the Collective Members were not exempt from the minimum wage provisions of the FLSA.

33.    At all times relevant to this Complaint, Defendants had a policy and practice of knowingly permitting and requiring Plaintiff and the Collective Members to work overtime without compensation.

34.    Defendants failed to pay Plaintiff and the Collective Members for work in excess of forty hours per week at their overtime rate of one- and one-half times their regular rate.

35.    In violating the FLSA, Defendants acted willfully, without a good-faith basis and with reckless disregard of applicable federal law.

36.    Accordingly, Collective Members are entitled to wages for all hours worked pursuant to the FLSA in an amount equal to their regular pay, plus time-and-a-half for hours worked over forty in a week, plus liquidated damages, attorneys' fees and costs.

37. Defendant's failure to pay for all hours worked results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual Collective Members.

38. Thus, Plaintiff's experiences are typical of the experiences of the Collective Members.

39. The specific job titles or precise job requirements of the various Collective Members does not prevent collective treatment.

40. All of the Collective Members – regardless of their specific job titles, precise job requirements or rates of pay – are entitled to be properly compensated on a timely basis for all hours worked.

41. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  Indeed, the Collective Members are non-exempt hourly workers entitled to pay for all hours worked in a week.

42. Absent a collective action, many members of the proposed collective likely will not obtain redress for their injuries and Defendants will retain the proceeds of its rampant violations.

43. Moreover, individual litigation would be unduly burdensome to the judicial system.  Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

44. Accordingly, the Collective of similarly situated plaintiffs should be certified as defined in Paragraph 10 and notice should be promptly sent.

45. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

46.   Due to Defendant's FLSA violations, Plaintiff, on behalf of himself and the Collective Members, is entitled to recover from Defendant his unpaid overtime compensation, an additional amount as liquidated damages, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff and the Collective Members respectfully pray for judgment against Defendants as follows:

a.   for an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the Collective Members as defined above and requiring Defendant to provide the names, addresses, email addresses, telephone numbers and social security numbers of all potential Collective Members;

b.   for an Order approving the form and content of a notice to be sent to all putative Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.   for an Order awarding Plaintiff and Collective Members back wages that have been improperly withheld;

d.   for an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those Collective Members who join in the suit), for liquidated damages and for attorneys' fees and costs; and

e.   for an Order awarding attorneys' fees and costs.

Respectfully submitted,

Date:  3/18/2026          By:  /s/ M. Frances Ryan
                                               M. Frances Ryan
                                               Validation of signature code:  MFR1130
                                               Attorney for Plaintiff
                                               Wusinich, Sweeney & Ryan, LLC
                                               102 Pickering Way, Suite 403
                                               Exton, PA  19341
                                               (610) 594-1600
                                               Email:  mfrancesryan@wusinichsweeney.com